**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**YAZOO VALLEY ELECTRIC POWER ASSOCIATION, Respondent.**

No. 25693.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1968.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Ian D. Lanoff, Frank H. Itkin, Attys., N. L. R. B., Washington, D. C., for petitioner.

Richard C. Keenan, Kullman & Lang, New Orleans, La., for respondent.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

The Board seeks enforcement of its order that respondent is guilty of violat-

ing § 8(a) (1) of the National Labor Relations Act by threatening, coercing and restraining employees during an organizational campaign, and of §§ 8(a) (3) and (1) by discriminatory discharge of an employee, and that respondent is required to bargain with the union.[1]

Giving effect to credibility determinations which the Board was authorized to make, substantial evidence on the record as a whole supports the Board's conclusions concerning threats, restraints and coercion and the discriminatory discharge. Respondent contends that the discharged employee Chapman was guilty of such misconduct that he is disqualified from reinstatement and back pay. The misconduct consisted of a challenge to fight, made by Chapman to his supervisor at the time he was discharged, couched in obscene language, to which the supervisor answered that he was too old to fight. The issue is not whether the remark would be grounds for discharge, Cf., N.L.R.B. v. Brennan's, Inc., 366 F.2d 560 (5th Cir. 1966), N.L.R.B. v. Thor Power Tool Company, 351 F.2d 584 (7th Cir. 1965), but whether the misconduct is sufficiently serious that an employee wrongfully discharged is to be denied the otherwise appropriate remedy of reinstatement. As phrased by the 7th Circuit in National Furniture Mfg. Co., 315 F.2d 280 (7th Cir. 1963), do the circumstances "render it difficult for us to judicially enforce a renewal of a relationship that bids ill for all concerned"? 315 F.2d at 287, n. 7. The circumstances of this case are not such that we would overturn the Board's finding that reinstatement of Chapman is appropriate. The misconduct arose from and occurred at the time of and as a direct consequence of the wrongful discharge. There was no act of violence by the employee, no manifestation or threat of violence other than the words themselves, and no repetition of the threats after there was an opportunity for cooling off. The cases denying reinstatement for misconduct involve conduct far more flagrant than what Chapman did. In N.L.R.B. v. R. C. Can Company, 340 F.2d 433 (5th Cir. 1965), the employee went to the plant after he was laid off, and, accompanied by two other employees (the three of them being the members of the bargaining committee), sought out the plant manager in his office and secured entry without telling the purpose of the visit. After cursing in the manager's office the employee was asked to leave. He did so but waited outside and then went back in and stated that he wanted everybody to hear what he had to say, "that it may not be that night or the next night, but I would kick hell out of him the first chance I got." The Trial Examiner found the employee's remarks were deliberate and premeditated and recommended against reinstatement. The Board overruled the Trial Examiner, and this court declined to enforce. On facts very similar to those now before us the 8th Circuit declined to upset the Board's recommendation of reinstatement. N.L.R.B. v. Morrison Cafeteria Company, 311 F.2d 534 (8th Cir. 1963).[2]

The Board's order requiring respondent to bargain is based on a pre-election union majority by count of authorization cards.[3] In brief and oral argument the Board recognizes that the cards are in no material respect different from those which this court held ambiguous in I.T.T. Semi-Conductors v. N.L.R.B., 395 F.2d 257 [5th Cir., May 21, 1968]. See also N.L.R.B. v. Southland Paint Co., Inc., 394 F.2d 717 [5th

1. International Brotherhood of Electrical Workers, AFL–CIO.

2. For cases denying reinstatement for misconduct, see, e. g., N. L. R. B. v. Bin-Dicator Company, 356 F.2d 210 (6th Cir. 1966); N. L. R. B. v. Valley Die Cast Corp., 303 F.2d 64 (6th Cir. 1962); N. L. R. B. v. National Furniture Manufacturing Company, 315 F.2d 280 (7th Cir. 1963).

3. A majority of employees voted against union representation. The Board's order set aside the election.

Cir., May 8, 1968]; Engineers and Fabricators, Inc., v. N.L.R.B., 376 F.2d 482 (5th Cir. 1967). That portion of the order requiring respondent to bargain will not be enforced.

Enforced in part, denied in part.